IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-0779-RBJ

PABLO H. LUNA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

ORDER

This matter is before the Court on review of the Commissioner's decision denying plaintiff Pablo Luna's application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g). This dispute became ripe for decision by this Court in December 2011. The Court apologizes to the parties for the delay in resolving the case.

**Standard of Review**

This appeal is based upon the administrative record and briefs submitted by the parties. In reviewing a final decision by the Commissioner, the role of the District Court is to examine the record and determine whether it "contains substantial evidence to support the Secretary's decision and whether the Secretary applied the correct legal standards." *Rickets v. Apfel*, 16 F.Supp.2d 1280, 1287 (D. Colo. 1998). A decision cannot be based on substantial evidence if "it is overwhelmed by other evidence in the record. . . ." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988). Substantial evidence requires "more than a scintilla, but less than a preponderance."

*Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2007). Evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

**Facts**

Mr. Luna filed for disability benefits in 2007 alleging a disability onset date of April 2006. A hearing was held in August 2009, and the Administrative Law Judge (ALJ) determined that Mr. Luna was not disabled. Mr. Luna now challenges that determination on the sole ground that the ALJ erred in determining that he could perform his past relevant work.

At the time of the hearing, Mr. Luna was 45 years old. He worked as a kitchen helper and dishwasher until 2006 when he broke his ankle. As a result of breaking his ankle Mr. Luna underwent surgery on the ankle. The surgery was reported as successful. In addition to his ankle troubles, Mr. Luna also suffers from sleep apnea, arthritis in his knees, and back pain.

In assessing his disability claim, the ALJ followed the five step sequential analysis required by the social security regulations. At the third step, the ALJ determined that Mr. Luna had the following severe impairments: left ankle fracture, status post open reduction and internal fixation, obstructive sleep apnea, obesity, knee arthritis, a back impairment, and cardiomegaly with pulmonary hypertension. R. 33. The ALJ determined that individually or in combination, Mr. Luna's impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. R. 35.

The ALJ then assessed Mr. Luna's residual functional capacity (RFC) and determined that Mr. Luna could perform medium work as defined by 20 CFR 404.1567(c) and 416.967(c). The ALJ determined that Mr. Luna could lift 50 pounds occasionally and 20 pounds frequently. Mr. Luna has no limitations in sitting, standing or walking, but he is unable to kneel or crawl and should not climb ladders, ropes, scaffolds, or balance. R. 35.

At step four of the analysis the ALJ compared Mr. Luna's RFC to his past relevant work experience. The ALJ determined that Mr. Luna had past relevant work as a kitchen helper and cook. R.38. During the hearing, a vocational expert testified that based upon the RFC, Mr. Luna would be able to perform both of these positions. R. 70-71. The ALJ determined that Mr. Luna would be able to perform these jobs both as he actually performed them and as the work is generally performed. R. 38. Because Mr. Luna could perform his past relevant work, the ALJ determined that Mr. Luna was not disabled and denied his application for benefits. *Id.* Mr. Luna now appeals the ALJ's determination that he is able to perform his past relevant work.

**Conclusions**

An ALJ's determination that a claimant can perform his past relevant work can be based upon either the actual functional demands and job duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. Social Security Rulings (SSR) 86-61, 1982 WL 31387, at *2. The *Dictionary of Occupational Titles* (DOT) can be relied upon to define jobs as they are usually performed in the national economy. *Id.* In his opinion, the ALJ determined that Mr. Luna could perform the jobs of kitchen helper and cook both as he had previously performed them and as they are performed in the national economy. R. 38.

"The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level . . . of such work." Social Security Rulings (SSR) 86-62, 1982 WL 31386, at *3. During the hearing, the ALJ did not ask Mr. Luna any questions about what his duties were when he worked as a kitchen helper or cook. As such, the only information the ALJ had in determining what duties Mr. Luna performed as a kitchen helper or cook were from questionnaires he completed as part of his

application for disability benefits.  In the Disability Report, Mr. Luna reported that as a kitchen helper he spent eight hours per day walking, standing, climbing, stooping, kneeling, crouching, crawling, grasping, and reaching.  He reported that the heaviest weight he lifted was 50 pounds and he frequently lifted 10 pounds. R. 146-47.  On a Work History Report Mr. Luna reported that the heaviest he would have to lift was 100 pounds and he frequently lifted 50 pounds.  R. 154.

The ALJ did not discuss how he determined that Mr. Luna can perform past relevant work as he had performed it in a particular job.  Comparing Mr. Luna's RFC to the forms that Mr. Luna completed, there is not substantial evidence to support this conclusion.  According to the RFC Mr. Luna is not able to kneel or crawl.  However, Mr. Luna reported that as a kitchen helper he had to kneel or crawl during his eight-hour day.  R. 146.  According to the Work History Report, Mr. Luna reported that he had to lift 50 pounds frequently, but Mr. Luna's RFC limits frequent lifting to 20 pounds.  R. 154.  Accordingly, based on the evidence presented, Mr. Luna cannot perform the jobs of kitchen helper or cook as he had previously performed them.

However, this does not end the analysis.  A finding of no disability can also be supported by substantial evidence that the claimant can perform previous relevant work as it is generally performed in the national economy based upon the DOT.  Social Security Rulings (SSR) 86-61, 1982 WL 31387, at *2.  According to the DOT both kitchen helper (DOT # 318.687-010) and cook (#313.374-010) require medium exertion, including lifting 20-50 pounds occasionally, and/or lifting 10-25 pounds frequently.  During the hearing, a vocational expert was asked, given Mr. Luna's RFC, if he could perform these two jobs.  R. 70-71.  The vocational expert testified that Mr. Luna would be able to perform these jobs.  *Id.*  The ALJ then asked the vocational expert if her opinion was consistent with the DOT, and she responded that it was.  R. 73.

Mr. Luna now argues that the vocational expert's testimony deviated from the DOT and thus was not substantial evidence to support the finding that he could perform past relevant work. The Social Security Administration "accepts the [DOT's] definitions as reliable evidence at step four of 'the functional demands and job duties' of a claimant's past job 'as it is usually performed in the national economy.'" *Haddock v. Apfel,* 196 F.3d 1084, 1090 (10th Cir. 1999) (quoting Social Security Ruling 82-41, 1982 WL 31389, at *2, *7). Thus, it is the duty of an ALJ to determine if a vocational expert deviates from the DOT. *Id.* at 1091. Mr. Luna's argument is that his RFC limits him to lifting 20 pounds frequently, but the DOT descriptions of kitchen helper and cook give a range of 10-25 pounds for frequent lifting.

When relying on hypotheticals to determine what work a claimant can perform, the hypothetical inquiries must include all impairments borne out of the evidentiary record. *Evans v. Chater,* 55 F.3d 530, 532 (10th Cir. 1995). Because Mr. Luna does not challenge the ALJ's determination of his RFC, the Court will assume that the RFC includes all of Mr. Luna's limitations. In his hypothetical to the vocational expert, the ALJ included all of the limitations in the RFC including frequent lifting of no more than 20 pounds. R.70-71. The hypothetical used was adequate in assessing Mr. Luna's ability to perform his past relevant work. The hypothetical was also consistent with the DOT description. Mr. Luna's ability to frequently lift 20 pounds falls within the range described by the DOT.

Accordingly, the vocational expert was correct when she testified that her opinions were consistent with the DOT. Because the DOT supports the vocational expert's finding that Mr. Luna could perform his past relevant work as it is generally performed, substantial evidence supports the ALJ's determination that Mr. Luna is not disabled.

**Order**

The Commissioner's decision is affirmed.

DATED this 15th day of January, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge